# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HOLLY J. SHELDON-LEE,

                Plaintiff,

     v.

PETE LEONARD FRANCIS
PETERSON, *et al.*,

             Defendants.

Case No. 3:25-cv-00066-SLG

## <u>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Before the Court at Docket 28 is Plaintiff Holly J. Sheldon-Lee's Motion for Judgment on the Pleadings as to Defendants' Counterclaims. Defendants Pete Leonard Francis Peterson and Alexis Peterson did not respond to the motion. Oral argument was not requested and is not necessary for the Court's decision.

On April 3, 2025, Ms. Sheldon-Lee initiated this action against Defendants alleging defamation, invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[1] On December 8, 2025, Defendants filed a Joint Answer and Affirmative Defenses, asserting eight counterclaims: (1) defamation per se, (2) false light/invasion of privacy, (3) intentional infliction of emotional distress, (4) civil conspiracy, (5) intrusion upon

---

[1] Docket 1 (Complaint); Docket 15 at 11 (First Amended Complaint).

seclusion (civil harassment), (6) abuse of process, (7) malicious prosecution, and (8) negligent infliction of emotional distress.[2]

On December 22, 2025, Ms. Sheldon-Lee answered Defendants' counterclaims and filed the present Motion for Judgment on the Pleadings as to Defendants' Counterclaims.[3]

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."[4] When deciding such a motion, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party."[5] A court may consider documents relied on in a pleading without converting the motion for judgment on the pleadings to one for summary judgment.[6]

---

[2] Docket 22 at 8-30.

[3] Docket 27; Docket 28.

[4] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 979 (9th Cir. 1999)).

[5] *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (citing *Fleming*, 581 F.3d at 925).

[6] *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 2 of 11
Case 3:25-cv-00066-SLG   Document 36   Filed 05/11/26   Page 2 of 11

A Rule 12(c) motion for judgment on the pleadings is functionally identical to a motion to dismiss for failure to state a claim under Rule 12(b)(6), because both motions challenge the legal sufficiency of the opposing party's pleadings.[7] Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a motion for judgment on the pleadings with leave to amend.[8] As with a motion to dismiss, "[a] complaint should not be dismissed without leave to amend unless amendment would be futile."[9] When a motion to dismiss is granted, a court "should freely give leave when justice so requires."[10] However, "leave may be denied if amendment of the complaint would be futile."[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

Ms. Sheldon-Lee's motion asserts that certain of Defendants' counterclaims

---

[7] *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (holding that "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule").

[8] *Toma v. Univ. of Haw.*, Case No. 16-00499 RLP, 2017 WL 4782629, at *5 (D. Haw. Oct. 23, 2017); *see Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 889 (9th Cir. 2017) (reversing district court's decision denying plaintiff leave to amend after granting defendant's motion for judgment on the pleadings based on statute of limitations grounds).

[9] *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

[10] Fed. R. Civ. P. 15(a).

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 3 of 11
Case 3:25-cv-00066-SLG   Document 36   Filed 05/11/26   Page 3 of 11

fail as a matter of law.[13] Ms. Sheldon-Lee contends that "Defendants' counterclaims consist of conclusions, speculation, and character attacks untethered to the elements of any viable cause of action" and that "[n]o amount of discovery can cure these defects."[14] Because Ms. Sheldon-Lee's motion substantively addresses only five of Defendants' eight counterclaims, the Court limits its analysis below to those five counterclaims.

### I.  Counterclaim 1 - Defamation Per Se

Defamation per se requires proof of four elements: (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) the existence of per se actionability.[15] A statement of opinion or belief generally cannot form the basis of a defamation action because such statements cannot be "false."[16] However, "[e]ven if a statement is an opinion, it may give rise to a defamation claim if its 'expression contains an implied assertion of false fact and is sufficiently derogatory as to cause harm to the subject's reputation.'"[17]

Here, as Ms. Sheldon-Lee correctly highlights, "Defendants fail to identify specific false statements, when they were made, to whom they were published,

---

[13] Docket 28 at 1.

[14] Docket 28 at 5.

[15] *DeNardo v. Bax*, 147 P.3d 672, 678 (Alaska 2006).

[16] *Alaskaland.com, LLC v. Cross*, 357 P3d 805, 820 (Alaska 2015).

[17] *Id.* (quoting *State v. Carpenter*, 171 P.3d 41, 51 (Alaska 2007)).

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 4 of 11

and why it was false."[18]  The Counterclaim contains only generalized allegations that Ms. Sheldon-Lee accused Defendants of crimes without quoting any statements, providing dates, identifying recipients, or alleging facts regarding Ms. Sheldon-Lee's alleged statements. References to unspecified "cease-and-desist correspondence" and "protective-order filings" do not cure this deficiency.[19] Without specific factual allegations, the Court cannot evaluate whether statements are actually false or whether they constitute protected opinion. Accordingly, Ms. Sheldon-Lee's Motion for Judgment on the Pleadings is GRANTED as to Defendants' Counterclaim 1.

## II.    Counterclaim 2 - False Light

Under Alaska law, "[a] false light invasion of privacy claim arises when the defendant publicizes a matter that places the plaintiff before the public in a false light."[20]  Although similar, "a defamation claim redresses damage to reputation while a false light privacy claim redresses mental distress from exposure to public view." [21]  Like defamation, a false light claim "requires at least knowing or reckless disregard of the falsity of the assertion of fact," and "opinions . . . cannot give rise to false light liability."[22]  Defendants' false light claim, therefore, suffers the same

---

[18] Docket 28 at 2.

[19] Docket 22 at 8.

[20] *Carpenter*, 171 P.3d at 53.

[21] *Id.*

[22] *Id.*

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 5 of 11
Case 3:25-cv-00066-SLG    Document 36    Filed 05/11/26    Page 5 of 11

deficiencies as their defamation claim. Accordingly, Ms. Sheldon-Lee's Motion for Judgment on the Pleadings is GRANTED as to Defendants' Counterclaim 2.

### III. Counterclaim 3 - Intentional Infliction of Emotional Distress (IIED)

To prevail on an IIED claim, "a plaintiff must establish (1) that the defendant's conduct was extreme and outrageous, (2) that the conduct was intentional or reckless, (3) that this conduct caused the plaintiff emotional distress, and (4) that the distress was severe."[23] "Extreme and outrageous conduct is conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"[24]

Here, Defendants fail to allege the who, what, where, and how of the specific conduct by Ms. Sheldon-Lee that was extreme and outrageous. Defendants also fail to allege any facts to support their allegation that Ms. Sheldon-Lee intended to cause each Defendant distress through such conduct. And the conclusory assertion that false criminal accusations are "extreme" does not adequately state a claim without additional facts.[25] Defendants also fail to identify their specific emotional injuries with sufficient causation, instead offering conclusory references

---

[23] *Cameron v. Beard*, 864 P.2d 538, 548 (Alaska 1993) (citing *Teamsters Loc. 959 v. Wells*, 749 P.2d 349, 357 (Alaska 1988)).

[24] *Watkinson v. Dep't of Corr.*, 540 P.3d 254, 267 (Alaska 2023) (quoting Restatement (Second) of Torts § 46 cmt. d).

[25] Docket 22 at 15.

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 6 of 11

to "reputational destruction" and "anxiety, stress, and emotional destabilization."[26] To the extent Defendants allege Ms. Sheldon-Lee's lawsuits form the basis of their IIED claim, the Court notes that under Alaska law, "filing a lawsuit cannot be the basis for [IIED] because filing a lawsuit is privileged conduct."[27] Accordingly, Ms. Sheldon-Lee's Motion for Judgment on the Pleadings is GRANTED as to Defendants' Counterclaim 3.

### IV. Counterclaim 4 - Civil Conspiracy

While it may be unclear "[w]hether 'civil conspiracy' actually constitutes a separate wrong" under Alaska law,[28] this Court has previously held that a civil conspiracy claim is plausible under Alaska law.[29] "[T]he necessary elements of civil conspiracy[ ] include 'unlawful' acts by 'two or more persons[.]'"[30] Defendants have identified no named co-conspirators, instead referencing vague "John Does 1-10 and persons known to Defendants" and Ms. Sheldon-Lee's "associates."[31] This is

---

[26] Docket 22 at 16-17.

[27] *Griffith v. Hemphill*, 566 P.3d 932, 939 (Alaska 2025). While the Court does not address Defendants' NIED claim in this order, it notes that filing a lawsuit also cannot form the basis of an NIED claim. *Id.*

[28] *See Davis v. King Craig Tr.*, Case No. S-15962, 2017 WL 2209879, at *3 n.9 (Alaska May 17, 2017) (citing *Morasch v. Hood*, 222 P.3d 1125, 1132 (Or. App. 2009) (stating that "civil conspiracy is not, itself, a separate tort for which damages may be recovered; rather, it is a 'way[ ] in which a person may become jointly liable for another's tortious conduct.'")). The Court notes that, because *Davis v. King Craig Trust* is an unpublished opinion, that case does not create legal precedent. *See* Alaska R. App. P. 214(d).

[29] *See Iditasport Alaska v. Merchant*, Case No. 3:18-cv-0068-HRH, 2018 WL 4365492, at *7 (D. Alaska Sept. 13, 2018).

[30] *Davis*, 2017 WL 2209879, at *3 (quoting *Morasch*, 222 P.3d at 1131-32).

[31] Docket 22 at 17-18.

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 7 of 11

Case 3:25-cv-00066-SLG   Document 36   Filed 05/11/26   Page 7 of 11

wholly insufficient. Defendants further provide no factual allegations of agreement, coordination, or specific overt acts, relying instead on conclusory assertions that Ms. Sheldon-Lee "coordinated defamatory messaging" and "engaged in concerted action."[32] Further, as Ms. Sheldon-Lee correctly highlights, a civil conspiracy is derivative of an "underlying unlawful act."[33] Therefore, this counterclaim also fails to state a claim due to the inadequacy of the underlying torts pleaded. Accordingly, Ms. Sheldon-Lee's Motion for Judgment on the Pleadings is GRANTED as to Defendants' Counterclaim 4.

## V. Counterclaim 5 - Intrusion Upon Seclusion

Alaska law recognizes the claim for invasion of privacy for intrusion upon seclusion based on the Restatement (Second) of Torts § 652B,[34] which provides:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Intrusion upon seclusion requires that (1) "plaintiff had a reasonable expectation of privacy" and (2) "defendant intruded in a manner highly offensive to a reasonable person."[35] Defendants allege that Ms. Sheldon-Lee "monitored Defendants' online presence," "tracked their postings," and "attempted to predict

---

[32] Docket 22 at 17.

[33] Docket 28 at 3.

[34] *Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1133 (Alaska 1989).

[35] *Greywolf v. Carroll*, 151 P.3d 1234, 1245 (Alaska 2007).

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 8 of 11
Case 3:25-cv-00066-SLG   Document 36   Filed 05/11/26   Page 8 of 11

or identify their whereabouts" but provide no specific facts: which platforms, what conduct constituted monitoring, when this occurred, and whether unauthorized access was gained.[36]  Defendants also fail to describe how observing public social media information that Defendants chose to post online for the public to view could be highly offensive to a reasonable person.  Accordingly, Ms. Sheldon-Lee's Motion for Judgment on the Pleadings is GRANTED as to Defendants' Counterclaim 5.

## VI.    Leave to Amend

Rule 15 requires that leave to amend "be freely given when justice so requires."[37]  "This policy is 'to be applied with extreme liberality.'"[38]  The Supreme Court has identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) any previous amendments.[39]  Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[40]  Here, there is no clear evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Ms. Sheldon-Lee has been shown, and

---

[36] Docket 22 at 20.

[37] Fed. R. Civ. P. 15(a)(2).

[38] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

[39] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[40] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, *LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend)).

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 9 of 11

Defendants have not previously amended their Counterclaims. Although amendment may be futile, the Court accords Defendants an opportunity to file a First Amended Answer ("FAA") that amends Counterclaims 1-5 in an effort to correct the deficiencies identified in this order.

In so doing, the Court notes that Defendants' "obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[41] "[B]are assertions . . . [that] amount to nothing more than a 'formulaic recitation of the elements' . . . are conclusory and not entitled to be assumed true."[42] Therefore, "the non-conclusory factual content, and reasonable inferences from that content" in any amended counterclaim "must be plausibly suggestive of a claim entitling [them] to relief."[43]

Further, an amended pleading replaces the prior pleading in its entirety.[44] Accordingly, if Defendants choose to amend their Answer, the FAA must (1) respond to each allegation in Ms. Sheldon-Lee's Amended Complaint, (2) replead any affirmative defenses, and (3) include any counterclaims Defendants wish to assert. Any answer, affirmative defense, or counterclaim will be deemed waived

---

[41] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 555).

[43] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks and citation omitted).

[44] *See* Fed. R. Civ. P. 15; L.Civ.R. 15.1.

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 10 of 11

if not repled in the FAA.[45]

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, Ms. Sheldon-Lee's Motion for Judgment on the Pleadings is GRANTED as to Defendants' Counterclaims 1-5. Defendants are granted leave to file a First Amended Answer **within 28 days** of the date of this order. Failure to file a FAA by that date will be deemed a decision by Defendants to abandon Counterclaims 1-5 in this case. If an FAA is filed, Ms. Sheldon-Lee shall file an Answer or otherwise respond to the counterclaims in the FAA **within 21 days** of the filing of the FAA.[46]

DATED this 11th day of May, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[45] *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled); *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) (same).

[46] Fed. R. Civ. P. 12(1)(A)(i).

Case No. 3:25-cv-00066-SLG, *Sheldon-Lee v. Peterson, et al.*
Order on Motion for Judgment on the Pleadings
Page 11 of 11