# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HOLLY J. SHELDON-LEE,<br><br>Plaintiff,<br>v.<br><br>PETE LEONARD FRANCIS PETERSON, *et al*.,<br><br>Defendants. | Case No. 3:25-cv-00066-SLG |

## ORDER ON SIX PENDING MOTIONS

Before the Court are the following six pending motions:

1. At Docket 38 is Plaintiff Holly J. Sheldon-Lee's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, to which Defendants Pete Leonard Francis Peterson, *et al*. responded in opposition at Docket 41. No reply was filed.

2. At Docket 40 is Plaintiff's Motion for Judicial Notice, to which Defendants responded at Docket 44.

3. At Docket 45 is Defendants' Motion to Stay Proceeding Pending Resolution of Related Criminal Proceedings, or Alternatively, for Limited Stay and Interim Safeguards. No response was filed.

4. At Docket 46 is Defendants' Motion to Withdraw or Amend Deemed Admissions and to Accept Responses Out of Time. No response was filed.

5. At Docket 47 is Defendants' Motion for Leave to File One Business Day Out of Time and Targeted Motion for Judgment on the Pleadings. No response was filed.

6. At Docket 48 is Defendants' Motion Under Rules 54(b) and 60(b)(1)(B) to Reconsider Docket 37 and for Leave to File First Amended Answer Out of Time. No response was filed.

The Court addresses the motions as follows:

***Defendants' Motion for Leave to File One Day Out of Time and Target Motion for Judgment on the Pleadings (Docket 47)***

The Court grants the motion insofar as it seeks leave to file the underlying motion for judgment on the pleadings one day late. However, Local Civil Rule 7.1(e) requires "each motion must be filed separately," such that the motion to accept the late filing should have been made by separate motion.

In the motion for judgment on the pleadings, Defendants seek judgment on Count V (civil RICO); Count IV (civil conspiracy); Count II to the extent it alleges public disclosure of private facts, "and all counts against Alexis Peterson that rely only on group labels rather than conduct attributed to her."[1] And Defendants seek "dismissal or narrowing of Count III because the FAC [First Amended Complaint]

[1] Docket 47 at 1.

does not allege facts showing severe distress caused by conduct meeting Alaska's extreme-and outrageous threshold."[2]

The Court will construe the motion as a motion to dismiss for failure to state a claim, as to which leave to file an amended complaint should be granted when warranted.

Claims II through V of the FAC are deficient for many of the same reasons that the Court rejected Defendants' Counterclaims.[3] Even assuming the FAC contains well-pleaded facts in its 10-page narrative, an issue the Court need not address at this time, that is "not sufficient [to state a cause of action] if they are accompanied by only 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"[4] That is the case with the FAC, as Counts II through V each consist of a single sentence and fail to tie specific facts alleged in the narrative to each of the Counts. For example, Count II, the invasion of privacy claim, fails to allege what private information of Plaintiff each Defendant publicly disclosed, and when and how that disclosure was made by that Defendant. In *Gibson,* the Ninth Circuit explained, "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the

---

[2] Docket 47 at 2.

[3] *See* Docket 36.

[4] *Gibson v. City of Portland*, 165 F. 4th 1265, 1287 (9th Cir. 2026) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

claims that might fit the facts."[5] Further, the Circuit Court held that "permitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8" of the Federal Rules of Civil Procedure.[6] Moreover, Claims II through V of the FAC are "conclusory and vague," which is also a basis for dismissal.[7] Further, when a complaint names more than one defendant, as is the case here, it must identify the specific conduct of each defendant that gives rise to the specific claim against that defendant, so as to give each defendant fair notice of the claim(s) against that defendant.[8] Plaintiff's FAC fails to do so; rather, it consistently lumps both Defendants together, which is insufficient to state a claim against either Defendant.

For these reasons, the motion at Docket 47 is GRANTED insofar as Counts II through V of the FAC must be dismissed. However, Plaintiff will be accorded an opportunity to file another amended complaint that attempts to correct the deficiencies in the FAC identified in this order. An amended complaint replaces the prior complaint in its entirety.[9] When an amended complaint is filed, the Court treats any previous complaint(s) as non-existent, so a plaintiff must not incorporate

---

[5] *Gibson,* 165 F. 4th at 1289.

[6] *Id.* at 1290

[7] *Id.* at 1292.

[8] *Id.*

[9] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

by reference any prior pleading, including attachments to a prior complaint. Although a plaintiff may attach relevant documents to a complaint, she must include all relevant information in the body of the complaint itself and include in the complaint specific citations to any attachments filed in support of her claims. It is not the Court's responsibility to review filings, exhibits, or additional external information to identify possible claims. Instead, all necessary information must be included within the body of the amended complaint itself.[10]

An amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint.[11] If handwritten, an amended complaint must be legible.

***Defendants' Motion to Withdraw or Amend Deemed Admissions and Accept Reponses Out of Time (Docket 46)***

In this motion, Defendants seek to withdraw the admissions deemed made by Defendant Pete Peterson through his failure to timely respond to Plaintiff's First

[10] *See Amina v. WMC Finance Co.,* 329 F.Supp.3d 1141 (D. Hawai'i 2018).

[11] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Requests for Admission and accepting his attached responses out of time.[12] Pursuant to Local Civil Rule 7.1(h), the failure to oppose a motion "may be deemed an admission that the motion is well taken." Here, Plaintiff did not oppose this motion. Moreover, Defendant Peterson has demonstrated good cause and cases should generally be determined on their merits. Accordingly, the motion at Docket 46 is GRANTED.

***Defendants' Motion for Leave to File First Amended Answer Out of Time (Docket 48)***

As discussed above, the Court has dismissed Counts II through V of the FAC with leave to file an amended complaint accorded to Plaintiff. In light of that, Defendants will be accorded leave to file an answer if Plaintiff files an amended complaint and to that extent the motion at Docket 48 is GRANTED. **However, any amended answer must not contain any claims against any other individuals apart from counterclaims against the sole named Plaintiff in this action.** A counterclaim is a claim against an existing party, which is all that the Court permitted Defendants to plead in its earlier order.[13] A defendant may bring a third-party complaint against a nonparty, but only if the defendant is asserting that the

---

[12] Defendants also request that the Court find that "[n]o matters were deemed admitted by Alexis Peterson" because Plaintiff's Requests for Admission to Ms. Peterson were not appended to Plaintiff's Motion for Summary Judgment, discussed below. But whether the Requests for Admission were filed with the summary judgment motion is irrelevant to whether they are deemed admitted, and this requested relief is DENIED. *See* Rule 36(b), Federal Rules of Civil Procedure.

[13] *See* Docket 36 at 10; Rule 13(a), Federal Rules of Civil Procedure.

nonparty "is or may be liable to [the defendant] for all or party of the claim against" the defendant made by the original plaintiff.[14] Clearly that is not the nature of the claims Defendants seek to raise against the other individuals named in the proposed Amended Answer. In short, the Court will not expand this case beyond the parties named in the FAC.[15] If Defendants seek to bring defamation claims against other individuals, they must do so in separate lawsuits and not in this action.

***Defendants' Motion to Stay Proceedings (Docket 45)***

In this motion, Defendants sought a stay of this action through November 4, 2026 due to an ongoing state criminal case against Defendant Pete Peterson. The motion is DENIED as moot with respect to a stay through that date, since there has been no action in this case since the motion was filed and that date has now passed.

To the extent Defendants seek a stay so long as the criminal case remains pending, that request is DENIED without prejudice. It is not at all clear who are the alleged victims of the stalking charge(s). To the extent the state case does not include Plaintiff in this case, the Court is not persuaded that any stay is warranted.

---

[14] Rule 14(a)(1), Federal Rules of Civil Procedure.

[15] *See, e.g.,* Docket 48-2 at 19-21.

***Plaintiff's Motion for Judicial Notice (Docket 40)***

In this motion, Plaintiff asks the Court to take judicial notice of several filings on the Court's docket in this action. The motion is DENIED because it is unnecessary. And to the extent Plaintiff intended for the Court to deem the allegations in the First Amended Complaint and its attachments to be established as true, the request is improper. See Rule 201, Federal Rules of Evidence.

***Plaintiff's Motion for Summary Judgment (Docket 38)***

In seeking summary judgment, Plaintiff relied on Defendants' deemed admissions as a primary basis for summary judgment in her favor.[16] However, she did not attach a copy of Defendant Alexis Peterson's deemed admissions to her motion nor supplement the motion in that regard; and, as explained above, the Court has set aside Defendant Pete Peterson's deemed admissions in this order. Therefore, the motion for summary judgment must be DENIED.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion at Docket 47 is **GRANTED** as follows: Counts II through V of Plaintiff's First Amended Complaint at Docket 15 are DISMISSED for failure to state a claim.
2. Defendants' motion at Docket 45 is **DENIED.**
3. Defendants' motion at Dockets 46 is **GRANTED.**

---

[16] *See, e.g.,* Docket 38 at 2 (This case turns on facts Defendants were required to answer and did not answer.").

4. Plaintiff's motions at Docket 38 and Docket 40 are each **DENIED.**
5. Defendants' motion at Docket 48 is GRANTED in part and DENIED in part.
6. Plaintiff is accorded 30 days from the date of this order to file either:
    a. Second Amended Complaint, in which Plaintiff revises the First Amended Complaint to address the deficiencies identified in this order; OR
    b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.
7. If Plaintiff files a Second Amended Complaint [SAC], Defendants may file an answer thereto within 14 days of the date the SAC is filed.
8. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 30 days of the date of this order**, this case shall be dismissed without further notice to Plaintiff for failure to state a claim.

IT IS SO ORDERED this 9th day of November 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE